UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONCEY SMITH,

    Plaintiff,                 CIVIL ACTION NO. 09-13686

    v.                       DISTRICT JUDGE THOMAS L. LUDINGTON

CITY OF FLINT, CHIEF ALVERN     MAGISTRATE JUDGE MARK A. RANDON
LOCK, FLINT POLICE DEPARTMENT,
SGT. RONALD NELSON, OFFICER
BRIAN COLEMAN, and SGT.
JEFFREY COLLINS,

    Defendants.
_____ /

**REPORT AND RECOMMENDATION GRANTING
DEFENDANTS' MOTION TO DISMISS (DKT NO. 17)**

## I. INTRODUCTION

Plaintiff Joncey Terrale Smith ("Plaintiff"), a Michigan prisoner proceeding *pro se*, brought this 42 U.S.C. § 1983 action alleging that multiple defendants violated his Fourth, Eighth and Fourteenth Amendment rights. The matter is currently before the Court on a motion to dismiss filed by the Defendants. To date, Plaintiff has not filed a response. For the reasons discussed below, the undersigned recommends that the motion be **GRANTED**.

## II. BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed this § 1983 action on September 17, 2009 against the City of Flint, the City of Flint Police Department, Chief Alvern Lock, Sergeant Ronald Nelson, Sergeant Jeffrey

- 1 -

Collins and Officer Brian Coleman. To date, Sergeant Nelson has not been served. Therefore, the motion currently before the Court pertains to the remaining Defendants.

Plaintiff's complaint alleges the following facts. Around 9:00 pm on April 29, 2009, Officer Coleman of the City of Flint Police Department responded to the shooting of Willie Youngblood in Flint, Michigan (Compl., ¶ 12-13). When Officer Coleman asked Mr. Youngblood who shot him, Mr. Youngblood responded "Chauncey Goodlow" (Compl., ¶ 13). Two witnesses, when questioned by Officer Coleman, corroborated Mr. Youngblood's statement that Chauncey Goodlow was the shooter (Compl., ¶ 14). The witnesses also told Officer Coleman that Mr. Goodlow had recently been released from prison and had been in Chicago, Illinois (Compl., ¶ 15). Officer Coleman learned that Mr. Goodlow resided in "an orange house on Trumbull" (Compl., ¶ 19). The address to the house described to Officer Coleman was 4526 Trumbull (Compl., ¶ 20). After searching a database, Officer Coleman learned that Plaintiff lived at the address. It was discovered that Plaintiff was on parole[1] and, at the time of the events of this case, was living in Chicago, Illinois. As a result of his investigation, Officer Coleman determined that Chauncey Goodlow and Plaintiff were the same person (Compl., ¶ 21).

An arrest warrant was authorized by warrant agent Cynthia Johnson (Compl., ¶ 24), and on May 11, 2009, Plaintiff was arrested on the warrant by Chicago Police officers during a traffic stop (Compl., ¶ 28). On June 3, 2009, Plaintiff was picked up by Michigan Department of Corrections officers and transported to the Charles E. Egler Reception and Guidance Center in Jackson, Michigan (Compl., ¶ 29). Plaintiff was charged with absconding parole (Compl., ¶ 30)

---

[1] It is unclear from Plaintiff's complaint whether he was on parole with the Michigan Department of Corrections or the Illinois Department of Corrections or both.

and for his alleged participation in the shooting of Mr. Youngblood (Compl., ¶ 31). Plaintiff denied both allegations (Compl., ¶ 30-31). At his parole violation arraignment, Plaintiff pleaded not guilty to all charges (Compl., ¶ 34). On July 15, 2009, Plaintiff was arraigned in 68th District Court in Flint, Michigan on charges of Assault with Intent to Murder, Felony Firearm and Felon in Possession (Compl., ¶ 36). However, during the preliminary examination, when Mr. Youngblood was questioned as to who shot him or if he would recognize the person who shot him if he saw him, he denied that the person who shot him was in the courtroom (Compl., ¶ 37-38). Consequently, the State's case against Plaintiff was dismissed (Compl., ¶ 38).

Plaintiff seeks declaratory and injunctive relief. Plaintiff also requests compensatory damages in the amount of $5 million each from the City of Flint and the City of Flint Police Department, $500,000 each from Chief Lock, Officer Collins, Sergeant Nelson and Officer Coleman, as well as any other relief the Court deems appropriate and just.

### B. *Procedural History*

On December 18, 2009, Defendants filed the motion to dismiss currently before the Court (Dkt. 17). On January 15, 2010, the undersigned issued an order requiring Plaintiff to file a response to the motion on or before February 19, 2010 (Dkt. No. 26). On February 28, 2010, the undersigned issued an order requiring Plaintiff to explain by April 13, 2010 why Officer Nelson should not be dismissed as a Defendant for Plaintiff's failure to serve him (Dkt. No. 27). Due to confusion regarding Plaintiff's correct mailing address, the undersigned extended the date for Plaintiff to file a response to Defendants' motion to dismiss and the Order to Show Cause until April 30, 2010 (Dkt. 28). To date, however, Plaintiff has not responded to either order.

## III. 12(b)(6) MOTIONS AND STANDARD OF REVIEW

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief can be granted under any set of facts that can be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir. 1993). In evaluating a Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the pleader. *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002); *Hardy v. Jefferson Cmty. Coll.*, 260 F.3d 671, 677 (6th Cir. 2001). The burden is on the moving party to prove that no legally cognizable claim for relief exists. *Amway Distribs. Benefits Ass'n v. Fed. Ins. Co.*, 990 F. Supp. 936, 940 (W.D. Mich. 1997).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, a court may use its discretion in dismissing a pleading if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional rights allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Claims under § 1983 "are not subject to heightened pleading standards." *Memphis, Tenn., Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). Therefore, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Okoro v. Krueger*, No. 05-70269, 2007 U.S. Dist. LEXIS 93415, at *34 (E.D. Mich., September 21, 2007) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## IV. THE EFFECT OF PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANTS' MOTION TO DISMISS

United States District Court for the Eastern District of Michigan Local Rule 7.1(b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109.

As previously mentioned, Defendants filed the instant Motion to Dismiss on December 18, 2009 (Dkt. No. 17). Since that time, Plaintiff has been ordered to respond on two occasions and both times failed to comply. Therefore, Defendants' motion may be deemed unopposed. *Humphrey v. U.S. Attorney Gen's Office*, 279 Fed.Appx. 328 (6th Cir. 2008). Notwithstanding

the lack of opposition, Defendants' motion is still well-taken in light of the analysis set forth below.

## V.  ANALYSIS

In their Motion to Dismiss, the Defendants assert several grounds for relief, which are discussed below.

### *A. Plaintiff's Failure to Identify Which Specific Rights Were Violated by Defendants*

Defendants argue that the failure of Plaintiff to identify which specific rights protected by the Fourth, Eighth and Fourteenth Amendments were allegedly violated by Defendants should be reason enough for the Plaintiff's claims to fail. Defendants further contend that considering the allegations in the complaint alone, there was nothing improper about what happened to Plaintiff. Defendants assert that Plaintiff was arrested on the basis of a valid arrest warrant for absconding parole and that there was also probable cause to arrest him.

In this case, beyond stating in conclusory terms that Defendants violated his Fourth, Eighth and Fourteenth Amendment rights, Plaintiff has not identified which specific rights were allegedly violated. However, the undersigned disagrees with Defendants' claim that the current motion should be granted simply because Plaintiff failed to allege such rights. As previously noted, complaint allegations drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether a complaint fails to state a claim upon which relief could be granted. *Estelle,* 429 U.S. at 106; *Haines*, 404 U.S. at 520; *Jourdan*, 951 F.2d at 110. In this case, when reviewing the facts alleged in the light most favorable to the Plaintiff, the undersigned finds that though inartfully pled, Plaintiff's complaint can be reasonably construed to allege that Defendants are liable for 1)

false arrest, false imprisonment and malicious prosecution under the Fourth and Fourteenth Amendments, and 2) cruel and unusual punishment under the Eighth Amendment. However, assuming the facts alleged by Plaintiff are true, Plaintiff's claims against the Defendants are nevertheless precluded by qualified immunity.

### B. *Individually Named Defendants Are Entitled to Qualified Immunity*

"Under the qualified immunity doctrine, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Perez v. Oakland County*, 466 F.3d 416, 426 (6th Cir. 2006) (citing *Walsh v. Cuyahoga County*, 424 F.3d 510, 513 (6th Cir. 2005)).

In evaluating a qualified immunity defense, the court engages in a two-part analysis. The court first determines whether, on the facts alleged, the official violated a constitutional or statutory right. *Saucier v. Katz*, 533 U.S. 194, 194 (2001). "If the Plaintiff does not establish the violation of a constitutional or statutory right, the inquiry ends there and the official is entitled to immunity." *Perez*, 466 F.3d at 427. Under the second step, the court determines whether the right violated was "clearly established" at the time of the violation. *Id.* "The burden of showing that the right was clearly established 'rests squarely with the plaintiff.' " *Id.* (citing *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999)). The relevant inquiry in determining if a right was clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. The plaintiff must show that the right was clearly established "in light of the specific context of the case, not as a broad general proposition." *Id.* "If reasonable officers could disagree about the lawfulness of the conduct in question, immunity

must be recognized." *Id.* "In order to determine if the law is clearly established such that a reasonable official could determine that his actions were unlawful, the court looks principally to the law of [the Sixth Circuit] and the Supreme Court." *Id.* This means that Plaintiff must show that binding authority would have alerted reasonable people in the Defendant officers' position that their conduct was unlawful. *Id.* at 428. Although *Saucier* mandated a determination of these questions in sequential order, courts are no longer required to do so. *Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 818 (2009).

Here, Plaintiff's claims appear to be based on the unconstitutionality of his arrest and subsequent criminal charges. But, assuming all Plaintiff's allegations are true, Plaintiff has failed to demonstrate that Defendants' actions violated a clearly established right about which a reasonable person would have known. To the contrary, the facts alleged by Plaintiff demonstrate that he was arrested pursuant to a valid warrant for absconding parole, and that the criminal charges brought against him were based on probable cause in light of the police investigation – precluding any claim for false arrest, false imprisonment, or malicious prosecution. *See Noy v. Travis*, 339 Fed. Appx. 515 (6th Cir. 2009).

### *C. The Official Capacity Claims and the Claim Against the City of Flint Must Be Dismissed for Lack of Any Allegations that a City Custom or Policy Caused Plaintiff's Injuries*

Next, Defendants assert that in order to hold a municipality liable for a constitutional violation, Plaintiff must demonstrate that the execution of a municipal policy or custom inflicted the alleged injury. Since Plaintiff has not established such a policy or custom, Defendants argue that the City of Flint (and its police department) cannot be held liable.

"To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), *cert. den.*, 546 U.S. 814, 126 S.Ct. 338, 163 L.Ed.2d 50 (2005)). In *Monell*, the Supreme Court held that a municipality may not be held vicariously liable for the federal constitutional or statutory violations of its employees. *Id.* at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

Plaintiff has failed to allege that the City of Flint's policies or customs were the moving force behind his alleged injuries. Therefore, the City of Flint and its police department should be dismissed.[2]

### D. Plaintiff should not be allowed to amend his complaint because it would be a futile undertaking

Finally, Defendants ask the Court not to allow Plaintiff to amend his complaint because doing so would be futile since Plaintiff cannot plead a valid cause of action. Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005)(citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). The undersigned agrees with Defendants, especially given the fact that Plaintiff has not

---

[2] On November 20, 2009, Chief Legal Officer for the City of Flint Legal Department of Law, Peter M. Bade, wrote a letter to the U.S. Marshals Service returning the Summons and Complaint issued to the City of Flint Police Department because the Police Department "it is not a separate entity from the City of Flint" and thus "not a suable entity" (Dkt. 19).

complied with the undersigned's two orders to respond to Defendants' Motion to Dismiss and has, therefore, not taken advantage of an opportunity to request amending his complaint. Additionally, Plaintiff has failed to prosecute this case. Plaintiff has not, for example, 1) provided the Court with an updated mailing address or complied with this Court's order to do so, 2) served Defendant Sergeant Collins, 3) complied with this Court's orders to show why Sergeant Nelson should not be dismissed as a defendant,[3] or 4) complied with this Court's orders to respond to Defendants' motion to dismiss.

## VI. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Dkt. No. 17) be **GRANTED**. It is also recommended that Defendant Nelson be dismissed without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fails to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

---

[3] Under Fed.R.Civ.P. 4(m), a defendant must be served within 120 days of filing the complaint. Here, Plaintiff has failed to serve Sgt. Nelson and the case has been pending since September 17, 2009. Therefore, it is recommended that Nelson be dismissed without prejudice.

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: June 22, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 22, 2010, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*<br>
*Case Manager to Magistrate Judge Mark A. Randon*